## FLETCHER *v.* EAGLE.

Opinion delivered April 1, 1905.

1. BANK DIRECTOR—NEGLECT OF DUTY—GOOD FAITH AS EXCUSE.—In a suit against the directors of a bank for neglecting to comply with their duties, it was improper to instruct the jury that if they find from the testimony that the directors believed the president of the bank to be honest and faithful in the discharge of his duties, and had reason for such belief, and committed the management of the bank to him, and had no reason to believe that he was misappropriating the funds of the bank, they would not be liable, though he fraudulently and negligently squandered the assets of the bank; as the good faith of the directors in committing the control of the bank to the president was not a defense if they could have prevented the misappropriation of the bank's funds by ordinary attention to their duties. (Page 587.)

2. INSTRUCTIONS—MISLEADING EFFECT.—The rule that all the instructions must be read together, and that an omission in one instruction may be cured by another, does not extend to instructions inherently erroneous and misleading. (Page 588.)

Appeal from Lonoke Circuit Court.

GEO. W. WILLIAMS, Special Judge.

Reversed.

STATEMENT BY THE COURT.

This was an action brought, by order of court, by creditors in the name of the receiver of the Bank of Lonoke, against directors of that bank, charging that they had become liable, under section 863, Kirby's Digest, for intentionally neglecting and refusing to comply with their duties as directors. The complaint sets forth with particularity the alleged neglectful conduct of the directors. Issue was taken on all material matters, and the case went to the jury, who found in favor of the directors.

Much evidence was adduced not necessary to review here, as the court is of the opinion that there is sufficient to sustain a verdict for either side acquired under proper instructions. Many questions have been presented, and all of them considered, but no error is discovered which is prejudicial and reversible except for the giving of the sixth and seventh instructions on behalf of the defendants, and therefore a discussion of all other questions is pretermitted.

The instructions in question are as follows:

"6. The court instructs the jury that if they find from the testimony in the case that the directors believed C. W. England, president of the bank, to be honest and faithful in the discharge of his duties, and believed him to be a competent and reliable business man, capable of discharging his duties as president of the bank, and had reason for such belief, and under such circumstances committed the management of the bank to him, and had no reasonable grounds to believe that he was misappropriating the funds of the bank to his own use, or to the loss and detriment of the stockholders, then they would not be bound by the conduct of such president, although he may have fraudulently and negligently squandered the assets of the bank.

"7. The court instructs the jury that if they find from the evidence in the case that C. W. England was believed to be by the directors an honest and faithful officer, capable of conducting the affairs of the bank, and that by mismanagement or unwise investment or speculation he squandered or dissipated the assets of the bank, then the plaintiff cannot recover of the directors on that ground."

*Geo. Sibly,* for appellant.

It was error to sustain the motion to strike. 28 Ark. 171; 37 Ark. 517; 1 Beach, Corp. § 264; 2 Morawetz, Corp. § § 836, 901. The cause was improperly transferred to the circuit court. 31 Ark. 352; 8 Ark. 60; 1 Story, Eq. Jur. 457; Adams, Eq. 431; 2 Morawetz, Corp. § § 796, 864; Cook, Corp. 892; 83 S. W. 49. It was error to exclude the depositions of Eagle and Hicks. 1 Phillips, Ev. 395; 3 Greenleaf, Ev. 337; 1 *Id.* § 552; 42 Ark. 288; 45 Mo. 267; 69 Mo. 365; 3 Greenleaf, Ev. 340. The modification of the first instruction was error. 1 Beach, Corp.

§ 257; 2 *Id.* § 562; Cook, Corp. 10; 38 Ark. 17; 1 Morawetz, Corp. 253, 570; 48 S. W. 228. Directors are liable for losses which resulted through their want of care. 1 Morawetz, Corp. § 561; 2 Cook, Corp. § 703; 8 S. E. 586; 1 Morawetz, Corp. 253, 506; 38 N. J. Eq. 501; 2 Morawetz, Corp. § § 788, 789.

*Joe T. Robinson,* for appellee.

The motion to strike was properly sustained. Kirby's Dig. § 6079; 66 Barb. 9; 32 Ark. 478; 56 Ark. 392; 42 Ark. 186; 34 Ark. 598; 8 Bush, 636. The cause was properly transferred. 56 Ark. 392; Kirby's Dig. § § 1282, 5991, 5993; 69 Ark. 144; 32 Wis. 63; 48 Wis. 198; 14 Bush, 616; 120 Ind. 422. The depositions of Hicks and Eagle were properly excluded. 15 Ark. 345; Kirby's Dig. § 3156; 6 Enc. Pl. & Pr. 569; 38 N. H. 366. The instructions of the court were proper. 1 Edw. Ch. 513; 1 Beach, Pr. Corp. § 262; 1 Morawetz, Pr. Corp. § § 570, 561; 17 Am. & Eng. Enc. Law, 119, 112; 5 L. R. Ch. 763; 67 Mo. 264; 30 Conn. 360; 15 Mass. 505; 57 Vt. 625; 14 Bush, 134; 4 Lea, 388. There is no error in the record relating to the refusal of the court to revive the case against the McCrary estate. 41 Ark. 435; 44 Ark. 103; 50 Ark. 348; 51 Ark. 324; 51 Ark. 140; 52 Ark. 180; 55 Ark. 547; 59 Ark. 115; 61 Ark. 515; 62 Ark. 262, 543; 70 Ark. 197; 43 Ark. 391; 45 Ark. 524; 55 Ark. 376; 62 Ark. 119; 70 Ark. 348. The judgment should be affirmed. 46 Ark. 524; 47 Ark. 196; 50 Ark. 511; 37 Ark. 164, 239, 580; 35 Ark. 146; 33 Ark. 350; 36 Ark. 451; 34 Ark. 469, 743.

HILL, C. J., (after stating the facts.) The bank had been wrecked by C. W. England, whose ventures went down in the financial disasters of 1893. Prior to the failure of the bank, the evidence shows he was a man of the highest standing in every way, and regarded as a very capable business man. Whether the failure was due to dishonesty or unwise investment and speculation, naturally there are two opinions, and these variant phases are represented in the two instructions quoted. The vice running through each is that any circumstances justify directors in abdicating their official functions.

The circumstances mentioned in the sixth instruction, and they are sustained by the evidence, fully authorized the directors

to have implicit confidence in England, and justified their selection of him as president; but no circumstances justify directors in committing the management of the bank to the president, further than the duties of that office require. No matter how honest and capable the president is, the directors have their duties to perform, and cannot fail to perform them because their confidence in the president renders them unnecessary in their opinion. It was their duty as directors to perform the functions required of them by statute, common usage and the by-laws of the corporation, and any committal of management to the president, which meant a non-fulfillment of their duties as directors, was negligence for which they are liable, provided other facts fixing liability were present.

The seventh instruction carries the error mentioned and further error. The jury is told that if the directors believed England honest and faithful, and by mismanagement, unwise speculations or investments he squandered the assets, then the plaintiff could not recover on that ground. Even if this instruction be construed as a continuation of the sixth, carrying the qualifying clause that the directors had good and sufficient reasons for their faith in England, still it is misleading. While this is qualified with the statement that the directors would not be liable on the ground mentioned, yet it ignores wholly the duty of watchfulness and care imposed upon them, and turns the consideration of the jury wholly to the good faith of the directors in having confidence in England and in the failure being due to England alone.

The rule is invoked that the instructions must all be read together, and that the other instructions properly defining the care required of the directors, taken in connection with these, present the law fully, and these two but present phases of the same separately. The application of this well-established rule does not extend to instructions inherently erroneous and misleading. The jury is correctly instructed on the duty resting upon these directors, and when they become liable to creditors, and then they are directed not to find against them if they renounced their duties as directors, and committed the management of the bank to a man in whose integrity and capacity they had the utmost confidence, owing to his high standing rendering that confidence justified. In other words, the jury were authorized to turn from

the application of the law resting upon them by virtue of the duties imposed, and follow this will-o'-the-wisp—the good faith of the directors in committing the entire control of the bank to the president. In any event, such instructions are misleading; but they are especially so in this case when the instructions consist of twenty-four different propositions submitted to the jury as abstract statements of law, without any effort to harmonize them and to bring sharply to the attention of the jury the issues which they are to determine. Had the issues been so defined that it would have been clear to the jury just what they were to determine, and these instructions given as justifying the directors in having confidence in the president, and thereby having no reasonable ground for believing he was misappropriating the funds, they would not be liable for such misappropriation unless they could have prevented the same by ordinary attention to their duties, then these instructions might not have been harmful. Such was the thought of counsel in presenting them to the lower court and in defending them in this court, but the qualifications that such reasonable belief would not excuse them unless they could not have prevented the dissipation of the assets by the attention to their duties required by law is conspicuous by its absence, and other instructions dealing with that question are so disconnected from them as to prevent them being read into these.

For the error in giving instructions 6 and 7 the cause is reversed and remanded.