SAINT LOUIS & NORTH ARKANSAS RAILROAD COMPANY
*v.* MIDKIFF.

Opinion delivered May 6, 1905.

MASTER AND SERVANT—NEGLIGENCE—INSTRUCTIONS.—Where an employee sued for injuries received while attempting, under orders of a superior, to alight from a moving hand car, alleging that the car was not properly under control when he was ordered to get off, an instruction that, if plaintiff attempted to jump from the car in obedience to orders, the jury should find for him, provided he acted in a prudent manner, and the superior had authority to make the order, was erroneous in permitting a recovery although no negligence was shown.

Appeal from Boone Circuit Court.

ELDRIDGE G. MITCHELL, Judge.

Reversed.

*G. J. Crump,* for appellant.

Wynne and appellee were fellow-servants. 63 Ark. 486. The injury was the result of the risk assumed by appellee. 126 Fed. 3. The case should have been withdrawn from the jury. 149 U. S. 368; 155 Mo. 346; 63 N. Y. 499; 116 N. Y. 628; 120 N. Y. 323; 122 N. Y. 618; 29 Conn. 548; 138 Mass. 390; 66 Mich. 277; 10 Ind. 554. Appellee was guilty of contributory negligence. 62 Ark. 156, 164, 239; 57 Ark. 461; 69 Ark. 380; 48 Ark. 106; 56 Ark. 457; 65 Ark. 128; 54 Ark. 431. The closing remarks of appellee's counsel were improper. 6 Ind. App. 510; 105 Ind. 385; 115 Ind. 270; 75 Ala. 466; 51 Am. Rep. 489; 92 Cal. 282; 61 Ark. 130; 58 Ark. 473.

*Pace & Pace* and *Morris M. Cohn,* for appellant.

It was appellant's duty to furnish appellee with a safe place and safe appliances. 48 Ark. 333; 67 Ark. 209, 377; 65 Ark. 138; 70 Ark. 295. The injury was not the result of an assumed risk. 65 Ark. 138; 67 Ark. 209, 377. Appellant was negligent in not stopping car after appellee was thrown on the track. 61 Ark.

341; 65 Ia. 658; 61 Wis. 163. It is not negligence *per se* to alight from a car in motion. 46 Ark. 423; 162 Ill. 447. The question of fellow-servants was for the jury to determine. 63 Ark. 477; 100 N. W. 447; 7 Car. & P. 66; 4 Thomp. Neg. § § 4923, 4924. The remarks of counsel were not prejudicial, since the verdict was not excessive. 58 Ark. 353; 34 Ark. 649; 71 Ark. 403, 427, 62.

HILL, C. J.   Midkiff was a laborer, working under Bennett, a section foreman, and, while returning from his work on the railroad to Harrison on a hand car, was directed, in the presence of Bennett, by Wm. Wynne to get off and take up a signal flag. The speed of the hand car had been slackened, and Midkiff got off the side of a front corner of the car, and either from a jerk of the car, or stumbling, or both, lost his balance, and, after struggling about thirty feet, fell and was run over by the car. He was badly injured. He brought suit, and alleged negligence of the company in that the car was not properly under control when he was ordered to get off, and by reason of such lack of control the injury was produced. Attached to the rear of the hand car was a push car, heavily loaded. The push car had no brakes upon it, and the customary way to check it was to have a man insert a shovel between the wheels, thereby making an effective brake. The testimony shows this was not done; and on one side it was shown that it was because of the failure of the section boss to order it done, and upon the other side because of a failure of the man on the car, a fellow workman, to do it. Wm. Wynne was called a "straw boss" by the men, a term to indicate that, in the absence of the real boss, Bennett, he was clothed with authority, and there was some evidence (not very satisfactory, however) that also in the presence of Bennett he was a superior servant. The case was tried chiefly upon questions as to the relations of Wynne and Bennett to Midkiff, and these questions were properly submitted to the jury; and if they were the only questions in the case, the court would not disturb the verdict. The alleged negligence of the company in overloading the push car and not having it under control was not specifically denied, but was sought to be avoided by alleging that the negligence charged was due to the fellow servants of Midkiff. The court, however, instructed the jury that negligence was denied, and upon that theory the

case was presented to the jury, and seems to have been so treated by both sides. The sufficiency of the evidence to sustain a verdict for the plaintiff is challenged.

The court reverses the case on account of an erroneous instruction, rendering it unnecessary to pass on this question and the other instructions, because the case may be more fully developed on another trial. It may be well to say, in passing, that the evidence is not at all satisfactory in connecting the alleged negligence with the injury. It is not made clear that the lack of proper braking on the push car was the proximate cause of the injury, which seems to have been a stumble of Midkiff, not connected with the condition of the car. And, again, it may be suggested whether the accident of Midkiff was naturally to be expected as a consequence flowing from any neglect of the vice principal of the company in not having the car properly supplied with a brakeman. The matters can be borne in mind in developing the case on the new trial, rendered necessary by the giving of the seventh instruction, which is as follows:

"7. I charge you that if you find from a preponderance of the evidence that the plaintiff attempted to jump from the side of the car in obedience to an order from Wynne, you will find for the plaintiff, providing you find that he (plaintiff) acted in a prudent manner, and that a prudent man would have so acted, and that Wynne had the right to make the order."

This leaves out of the case entirely the negligence charged against the company of the injury being produced by the car not being under proper control, and permits a recovery upon a state of facts, if true, which do not of themselves constitute a cause of action. If the injury was produced by Midkiff stumbling over a rock, as his testimony indicates, in no way connected with the handling of the car, still he could recover, under this instruction, if he acted prudently in jumping in obedience to an order of Wynne, if Wynne had authority to give it.

The connection of the injury with any negligence charged is ignored entirely. The case is rested solely on prudence in obeying Wynne. If the car was moving only three miles and a half an hour when the order was given, the prudence in giving it was equal to the prudence in obeying it, and this instruction con-

nects it with no other fact necessary to sustain liability. There is no other instruction which can be read with this one to cure the error. It sets forth an independent proposition sustaining a recovery on a state of facts which, alone, if true, constituted no cause of action, as it is not connected with any concurring or proximate cause due to negligence.

The court recently discussed where such instructions are not cured by others covering other phases of the case. See *Fletcher v. Eagle,* 74 Ark. 585.

The judgment is reversed, and cause remanded with instructions to grant a new trial.