St. Louis, Iron Mountain & Southern Railway Co. *v.*

Luther Hitt.

Opinion delivered July 1, 1905.

1. Railroad—accident at crossing—duty to look and listen.—In a suit for an injury received by a traveler in collision with a train at a highway crossing it was error to instruct the jury that mere proof that plaintiff looked and listened as he started to drive upon the track, and that he did not look again, did not alone establish contributory negligence. If there were no exculpatory circumstances, the jury should have been instructed that the duty was upon plain-

tiff to continue to look and listen until the danger was past; otherwise the whole question should have gone to the jury, and no part been determined by the court. (Page 525.)

2. INSTRUCTIONS—EFFECT OF CONFLICT.—The rule that all the instructions should be read together does not apply where the instructions are conflicting, and the jury are left without guidance as to which they should follow.  (Page 226.)

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*J. E. Williams* and *B. S. Johnson,* for appellant.

*McRae & Tompkins,* for appellee.

HILL, C. J.  This case presents the same questions as to the liability of the appellant which are presented in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Robert Hitt, post* p. 227.  This case was tried first in Nevada County, and that case in Clark County, and brought here on separate records, but have been argued together.  They arose from the same occurrence.  The facts will be found stated in the Robert Hitt case.  In this case the court gave on behalf of the appellee the following instruction:

"5.  You are instructed that mere proof that the plaintiff looked and listened as they started to drive upon the track, and that they did not look again, does not alone establish the contributory negligence.  You should take into consideration all the facts and circumstances in evidence; and if from these you believe that the plaintiff acted as a reasonable, prudent man, then he would not be deemed to have been guilty of contributory negligence."

In *St. Louis. & S. F. Rd. Co.* v. *Crabtree,* 69 Ark. 138, the court said:  "If he is struck and injured by a train at the crossing, which he might have seen had he continued on his guard, it would not be sufficient on a trial for the injury for the judge to say generally that it is the duty of one about to cross a railroad to look and listen for trains, but he should go further and explain that this means that a traveler should continue to use his eyes and ears until the track and danger are passed."

In *Railway Company* v. *Cullen,* 54 Ark. 431, Chief Justice Cockrill for the court, said:  "A failure to look and listen is therefore evidence of negligence on his part; and if the injury is

the consequent result, and his want of precaution is unexplained by circumstances which might mislead an ordinarily prudent man or throw him off his guard, he cannot have reparation for the injury, because his own want of care is the author of his misfortune."

In *Martin* v. *Little Rock & Ft. S. Ry. Co.,* 62 Ark. 156, the court said: "We do not hold that in every case where a traveler fails to look and listen, and is injured by a train while crossing a railway track, the case should be taken from the jury. It is only when it appears from the evidence that he might have seen had he looked, or might have heard had he listened, that his failure to look and listen will necessarily constitute negligence." Applying these principles to the instruction in question, the instruction tells the jury that failure to continue to look and listen does not alone establish contributory negligence. It is held in the Crabtree case that the court must tell the jury that continuing to use the senses is an essential part of the duty of looking and listening, and in the Cullen case that failure to look and listen is evidence of negligence. Therefore the instruction conflicts with these cases. But, as explained in the Martin case, the failure to look and listen is not always negligence. There may be circumstances as there instanced or where there is an invitation by the railroad, express or implied, which might relieve a prudent person from this duty. But all those matters are exculpatory, and the duty to continue to look and listen should be definitely put upon the plaintiff; and if there is sufficient evidence of exculpatory circumstances, then the whole question should go to the jury, and no part of it be determined by the court. This instruction acquits the appellee of negligence in failing to continue to look and listen till danger is past, instead of charging him with such negligence and then leaving it to the jury to determine whether the facts and circumstances in evidence are sufficient to relieve a reasonably prudent person of this essential precaution for his own safety.

It is insisted that if this instruction is erroneous it is cured by other instructions given on behalf of the appellant. None of the other instructions reach to this exact point, while they do state the law, in the main, correctly on the duty of looking and listening; and if they were construed as correctly covering this

important point of the case, then they would be in conflict with this instruction, and leave the jury at large which to follow. In such case the rule that reading the instructions together in order to see if the issues are presented correctly cannot apply. *Fletcher v. Eagle,* 74 Ark. 585; *St. Louis & N. Ark. Rd. Co.* v. *Midkiff,* 75 Ark. 263.

For the error in giving the 5th instruction the judgment is reversed, and the case remanded for a new trial.