## BAYLES *v.* DAUGHERTY.

### Opinion delivered December 2, 1905.

<div style="float:right;border:1px solid;">77 | 201<br>80 | 578</div>

1.  ADVERSE POSSESSION—MISTAKE AS TO BOUNDARY.—If one's possession of land is with intent to hold adversely, the statute of limitations runs, regardless of any mistake as to boundary or title; but if such possession is in subordination to the rights of the true owner, whenever asserted, the possibility of a mistake being recognized, the statute does not run.   (Page 203.)

2.  CONTRADICTORY INSTRUCTIONS—PREJUDICE.—The giving of an inherently erroneous instruction is not cured by the giving of other instructions correctly announcing the law on the same subject.   (Page 203.)

3.  INSTRUCTION IGNORING DEFENSE—PREJUDICE.—An instruction which ignores a defense tendered by the pleadings and testimony is erroneous.   (Page 203.)

Appeal from Mississippi Circuit Court; A. G. SETTLES, Special Judge; reversed.

#### STATEMENT BY THE COURT.

Action in ejectment by J. W. Daugherty against Thomas Bayles and others to recover possession of the tract of land described in the complaint.   The plaintiff recovered judgment below, and the defendants appealed.

*F. G. Taylor* and *Basil Baker,* for appellants.

1. Possession for the statutory period under claim of ownership hostile and adverse confers title, even though the claim of title originated in a mistake as to boundaries. 59 Ark. 626; 69 Ala. 332; 90 Ala. 354; 82 Ill. 898; 90 Ind. 94; 31 Iowa, 138; 148 Mass. 298; 31 Minn. 81; 108 Mo. 311; 79 Tex. 310; 43 Cal. 251; 51 Me. 584; 72 Me. 331; 71 Mich. 520; 24 N. J. Eq. 181. Actual possession, when not held by permission, is an open and hostile declaration of title. 47 Ark. 431; 43 Ark. 312; 50 Ark. 53; 67 Ark. 84. Appellee is bound by his acquiescence in the survey for a period of more than seven years. 87 S. W. 649; 23 Ark. 604; 51 Ark. 491; 62 Ark. 7; 36 S. W. 184; 97 N. W. 320; 98 N. W. 286. Instructions 2, 4 and 6 were misleading and contradictory. 5 Ark. 651; 18 Ark. 520; 30 Ark. 520; 55 Ark. 393; 59 Ark. 98; 63 Ark. 65; 65 Ark. 98; *Ib.* 64; 51 Ark. 88; 66 Ark. 233; 70 Ark. 79.

*W. J. Lamb,* for appellee.

McCULLOCH, J., (after stating the facts.) This is an action between the respective owners of the two co-terminous tracts of land. Both sides claim that the strip in controversy, about 30 rods wide, is within the boundaries of their respective tracts of land, to which they have undisputed title. The defendants also claim title to the disputed strip by adverse possession for more than seven years.

It appears from the evidence that in the year 1889 the boundary line between the two tracts was surveyed by the county surveyor of Mississippi County, and the line was established by him according to the present claim of the defendants, and that their grantor, who then owned the lands now held by them, moved his fence out to that line, and that he and they have continuously occupied it up to that line. Defendant's grantor testified that he moved his fence out to this line, believing it to be the correct boundary, and occupied up to it with intention of holding the land as his own.

The testimony is conflicting as to the correct location of the boundary, and the jury found in favor of the plaintiff upon that issue.

The court gave the following instructions over the objection of defendants:

"No. 4. The jury are instructed that if they find from the evidence that the defendants, or the grantor under whom they claim, took possession of the disputed land under the belief that the line contended for them or him was the true line, and with no intention to claim any land except the land up to the true line, then in that event he would only be entitled to hold the land up to the true line, wherever that may be, and you will so find.

"No. 6. You are instructed that no right or title can be gained against the owner of land by mere possession; and before you can find for the defendant you must find from a preponderance of the evidence that when defendant's grantors entered upon the land herein claimed by plaintiff and took possession thereof, it was with the intent to deprive the owner, and that same was not by reason of a mistake in the boundary line, and without the intent to go beyond the true line."

Both of these instructions were incorrect, and should not have been given. From them the jury might have understood, and doubtless did understand, that if defendant's grantor, at the time he took possession of the disputed strip of land, labored under a mistake as to the true boundary, and had no intention of taking that which was not his own, the plea of adverse possession could not be sustained, even though he intended to hold the strip as his own. This is not the law. The question of the good or bad faith of the transaction, or the intention of the party taking possession of land, is not material, provided the intention is to take and hold possession adversely. If the intention is to hold adversely, the statute runs, regardless of any mistake as to boundary or title. If the holding be not hostile, but in subordination to the rights of the true owner whenever asserted, recognizing the possibility of a mistake, then the statute does not run, because the holding under those circumstances is not adverse. This is the doctrine established by the decisions of this court. *Wilson* v. *Hunter,* 59 Ark. 626; *Murdock* v. *Stillman,* 72 Ark. 498.

It is true that the court gave other instructions correctly announcing the law in this respect, but the ones quoted above are in contradiction of them, and must be held to be prejudicial. *Fletcher* v. *Eagle,* 74 Ark. 585, 86 S. W. 810; *St. L. & N. Ark. Ry. Co.* v. *Midkiff,* 75 Ark. 263, 87 S. W. 446; *St. L., I. M. & So. Ry. Co.* v. *Luther Hitt,* 76 Ark. 227.

Instruction number six is also erroneous in that it ignores the defense tendered by the pleadings and testimony that the survey under which the defendants held was correct, and assumed that defendants have no title to the disputed strip of land.

Reversed and remanded for a new trial.