(January 8, 1918.)

JAMES CHADWICK et al., Respondents, v. N. N. HOLM et al., Appellants.

[170 Pac. 87.]

CORPORATIONS—DIRECTORS—NEGLIGENCE.

Where, with the consent of the stockholders, a corporation, through its directors, transfers all of its property to another corporation, taking as payment bonds of the latter and where such bonds are, by the directors, allotted among the stockholders in proportion to their shares of stock, and some of them are delivered but others are lost, through the negligence of the directors, before delivery,

a suit may be maintained by the stockholders to whom the lost bonds were allotted, against the corporation and the directors, as joint tort-feasors, for the negligence resulting in the loss.

[As to when stockholders may maintain suits against officers and agents to call them to an accounting or to set aside their acts, see note in 41 Am. Dec. 367.]

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action for damages. Judgment for plaintiffs. *Affirmed.*

Hansbrough & Gagon and Clency St. Clair, for Appellants.

Mismanagement by directors gives a right of action to the corporation, or its receiver or a stockholder for its benefit, but not to a stockholder for damages to him individually. (*McMullen v. Ritchie,* 64 Fed. 253; *Smith v. Hurd,* 12 Met. (Mass.) 371, 46 Am. Dec. 690.)

An action by individual stockholders against directors of a corporation for various acts of negligence and malfeasance, by which the capital of the corporation was wasted and lost and the plaintiff's share rendered valueless, cannot be maintained. (*Evans v. Brandon,* 53 Tex. 56; *Beach v. Cooper,* 72 Cal. 99, 13 Pac. 161; *Stoltz v. Scott,* 23 Ida. 104, 129 Pac. 340; *Thompson v. Stanley,* 20 N. Y. Supp. 317.)

The only way a stockholder can bring an action at all for such wrong is for and on behalf of the corporation and for its benefit. (Cook on Corporations, 5th ed., sec. 645; *Just v. Idaho Canal etc. Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; 3 Clark & Marshall on Private Corporations, p. 2284, sec. 755 (B).

C. S. Beebe, William A. Lee and Holden & Holden, for Respondents.

The guilty directors being in control of the corporation, it was not necessary to allege a demand upon and a refusal by such directors, to prosecute this action. (*Wills v. Nehalem Coal Co.,* 52 Or. 70, 96 Pac. 528.)

"It would be mockery to require or permit a suit against them to be brought and prosecuted under their management to obtain relief sought by this bill." (*Heath v. Erie Ry. Co.*, 8 Blatchf. 347, Fed. Cas. No. 6306.)

A minority stockholder of a corporation may sue to enforce a claim of the corporation against one who is president of the corporation and who is in control of the board of directors, and can thus prevent an action in the name of the corporation itself. (*Gosewisch v. Doran*, 161 Cal. 511, Ann. Cas. 1913D, 442, 119 Pac. 656.)

Directors should not be permitted to prosecute an action by themselves against themselves. (*Just v. Idaho Canal & Imp. Co.*, 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381.)

MORGAN, J.—On November 4, 1907, the directors of the Snake River · Canal Company passed a resolution that a meeting of the stockholders be called and a transfer of the system of the canal company to the Snake River Valley Irrigation District be recommended, each stockholder to receive his proportion of the bonds of the district to be given in payment for the system. On November 16, 1907, the stockholders' meeting was held and the recommendation of the board of directors was adopted. On December 14, 1907, the directors again met and decided to convey the system of the canal company to the district for the sum of $178,750, payment to be in bonds of the district in such denominations that each stockholder of the canal company might receive his proportionate share. In July, 1908, the transfer was completed, the bonds of the district were received; and, in January, 1909, were allotted to the stockholders of the canal company, and most of them were delivered. The bonds allotted to respondents were not delivered, but were held for the reason, as it appears, that their stock was held as security by other parties. These bonds were intrusted, by the directors, to one Mickleson, secretary of the canal company, who embezzled them and converted them to his own use. It appears that Mickleson's default was not known to the directors until December, 1910. Respondents instituted this

action against the canal company and its directors to recover the value of the bonds allotted, but not delivered to them, and based their claims upon the alleged negligence of the directors in permitting the bonds to be stolen.

The jury returned a verdict in favor of the several plaintiffs, amounting to $11,242.50, judgment was entered accordingly, and from the judgment this appeal is taken by the defendants, who were directors of the corporation.

Appellants deny the right of respondents, as stockholders, to bring this action in their name, and have cited many authorities to sustain this contention, but in each of the cases cited a stockholder sued the directors to recover for losses to the corporation occasioned by their negligence, and it was held that the loss was that of the corporation and not of the stockholder, even though his shares of stock decreased in value as a result, and hence the corporation should bring the suit.

In this action, stockholders are not seeking to recover a proportionate amount of what is due the corporation as a result of appellants' negligence, but they claim the bonds were theirs because of the allotment of the same to them by the corporation. There can be no doubt that the stockholders' consent to the recommendation of, and action by, the directors to transfer the property of the canal company was based upon the consideration that the bonds be properly distributed to them. Upon that theory respondents were the proper parties to bring the action.

It is contended by appellants that the bonds were not the property of respondents, but of the corporation; that, because the corporation has never been legally dissolved, the action of the directors in allotting them was null under the provisions of sec. 2732, Rev. Codes, which is as follows:

"The directors of corporations must not make dividends, except from the surplus profits arising from the business thereof; nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock; nor must they reduce or increase the capital stock, except as in this title specially provided. For a violation of the provi-

sions of this section, the directors, under whose administration the same may have occurred (except those who may have caused their dissent therefrom to be entered at large in the minutes of the directors at the time, or, when not present, when the same did occur), are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced. There may, however, be a division and distribution of the capital stock of any corporation which remains after the payment of all its debts, upon its dissolution or the expiration of its term of existence."

This statute was enacted for the benefit of creditors of, and those who engage in business with, corporations on the assumption that their capital is unimpaired, and of stockholders, who have a right to insist that the corporation continue in business, but not for the protection or advantage of directors who have violated its express terms. In this case objection to the allotment or distribution of the bonds has not been made by a creditor, all the stockholders have agreed to it, and, it is alleged in the answer, the canal company has had no interest in, or control over, the bonds since the allotment thereof to the stockholders and delivery to Mickleson for their use and benefit. (*In re Wilson's Estate,* 85 Or. 604, 167 Pac. 580.)

As against the directors the allotment of the bonds was valid, and, being allotted to respondents, became their property, and they, not the corporation, should sue to recover for their loss.

These appellants were directors from the time the bonds were received and placed with Mickleson until they were stolen. There is conflict in the evidence as to whether or not the bonds were placed with Mickleson with respondents' consent, but the jury found in their favor in this respect, and its finding will not be disturbed.

In view of the allegations of the complaint and the denials and affirmative allegations of the answer, the court is concluded upon the question of ownership of the bonds claimed

by respondents after the allotment thereof. The corporation very properly retained possession of the bonds of respondents in order to protect itself from a contingent liability which might arise in case the owners of the stock should at some time demand their rights to water based on the ownership thereof. It was the duty of the corporation to use reasonable care and diligence to keep safely the bonds of respondents until the exchange could be made. Clearly the corporation is liable for negligence resulting in the loss of the bonds. The appellants are charged in the complaint, with the corporation, as joint tort-feasors. So far as respondents are concerned, appellants may be regarded as agents of the corporation, and, if their negligent acts contributed to the loss of the bonds, they are jointly and severally liable with the corporation. (2 C. J. 903.)

The evidence shows that the directors placed these bonds in the hands of Mickleson, the secretary, and from the time they were so delivered until they were stolen, they were in his possession, although the corporation had a treasurer who had given a bond for the faithful performance of his duty and Mickleson had given none. During all this time the members of the board never satisfied themselves, except by taking Mickleson's word, that the bonds were safe. This evidence was sufficient to sustain the finding of the jury that the bonds were stolen and lost through appellants' negligence. (7 R. C. L. 478; *Fletcher v. Eagle,* 74 Ark. 585, 109 Am. St. 100, 86 S. W. 810; *Marshall v. Farmers' etc. Savings Bank,* 85 Va. 676, 17 Am. St. 84, 2 L. R. A. 534, 8 S. E. 586; note to *Bosworth v. Allen.* 55 L. R. A., at 766.)

The judgment is affirmed and costs are awarded to respondents.

Rice, J., concurs.

Chief Justice Budge sat with the court at the hearing but thereafter discovered, upon an examination of the record, that he is related to one of the parties litigant, whose name does not appear in the title as shown upon our docket. Deeming himself disqualified, for this reason, he did not participate in the decision.