ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

BIRCH.

Opinion delivered March 1, 1909.

MASTER AND SERVANT—ASSUMED RISK.—A servant does not assume the
risk of danger created by a negligent act of his master unless he is
aware of the danger and appreciates it.

Appeal from Hempstead Circuit Court; *Jacob M. Carter,*
Judge; affirmed.

*Jas. H. Stevenson, E. B. Kinsworthy* and *Lewis Rhoton,* for
appellant.

Instruction numbered one, given at plaintiff's request, is
erroneous in that it ignores the doctrine of assumed risk on the
part of the employee. When one enters the employ of another,
he assumes the risks and hazards ordinarily incident to such em-
ployment, and is presumed to have contracted with reference

thereto; and the master is not liable to him for injuries resulting from an accident which the master might not have prevented by the exercise of ordinary care and diligence.   35 Ark. 602; 41 Ark. 382; *Id.* 542; 54 Ark. 289; *Id.* 389; 56 Ark. 206; 77 Ark. 367.   While the master is bound to search for and guard against latent defects, the servant is held to have assumed all risks arising out of patent defects which he knew, or by the exercise of reasonable care could have known.   65 Ark. 98; 57 Ark. 76; 48 Ark. 333.   An instruction which is inherently erroneous and misleading, which assumes to cover the whole law of the case, is not cured by another instruction given, though that other instruction correctly states the law.   74 Ark. 585.   Also, where an instruction, erroneous for omission of some element of the case, is in conflict with other instructions correctly announcing the law, the latter will not be construed as curing it.˜   77 Ark. 201; 74 Ark. 585; 75 Ark. 263; 76 Ark. 227.

*J. D. Conway* and *W. H. Arnold,* for appellee.

Before a party relying on the doctrine of assumed risk can avail himself of that defense, he must plead it in his answer. Moreover, while it is true that in accepting employment the servant assumes all the risks and hazards which are ordinarily incident thereto, and are patent, yet he does not assume the risk of injury resulting from the master's negligence.   In other words, the risks assumed by the servant are "only such risks as remain incident to the employment after the master has exercised reasonable care to provide reasonably safe instrumentalities and a reasonably safe place wherein the servant may perform the work he is hired to do."   White's Supp. Thompson's Com. on Law of Neg., § 4614; *Id.* § 7725; 114 Ill. App. 345; 213 Ill. 545; 72 N. E. 1133; 214 Ill. 545; 127 Ia. 721; 113 La. 533; 35 Tex. Civ. App. 584; *Id.* 474; 80 S. W. 852.   Where the master, through its servants, knows of defects in its equipments and instrumentalities furnished its employees in which or with which to work, and its servant does not and could not know of such defects without inspection, the servant has the right to rely upon the master to perform his duty in that respect, and to make the inspections necessary to protect him from danger.   56 Ark. 206;

77 Ark. 374; 111 S. W. 257; 112 S. W. 390; 114 S. W. 223; 83 Ark. 318; 67 Ark. 295; 51 Ark. 467.

2. The court's instruction on the question of assumed risk, given at appellant's request, was full, and, in fact, more favorable to appellant than it was entitled to; and it is well settled that when an instruction is given covering a particular phase of a case, the party in whose favor it is given can not complain because the court refused to give another instruction covering the same subject. 114 S. W. (Ark.) 208; *Id.* (Ark.) 695; *Id.* (Ark.) 226; *Id.* (Ark.) 247.

McCulloch, C. J. The plaintiff, F. R. Birch, while working for the defendant railway company as switchman in the company's yards at Hope, Arkansas, received personal injuries alleged to have been caused by negligent acts of defendant's servants, and he instituted the present action to recover damages for said injuries. A jury awarded him damages in the sum of $1,500, and the defendant appealed.

The injury occcurred in the following manner: The plaintiff was foreman of a switch engine, and was engaged in switching some box cars loaded with blocks of wood consigned to a heading mill at Hope. The door of one of these cars was standing open, and as plaintiff, after having set the coupling on one end of the car, ran along beside the car for the purpose of going to the other end to uncouple it from another car, some of the blocks of wood fell out of the car door, and one of them struck him, inflicting a serious injury. He testified that the switch engine bumped against the car with unusual force, and caused the blocks to fall out of the car and strike him. Recovery is sought on the ground that it was necessary for the plaintiff to pass along beside the car in the discharge of his duties, and that the defendant was guilty of negligence in leaving the door of the loaded car standing open so that its contents could be jolted out. The testimony shows that the loaded car came into the yards of defendant over the Arkansas & Louisiana Railroad from Ozan, Arkansas. It was the duty of the plaintiff and his switch crew to move cars when directed by the yard clerk. There was a car inspector, whose duty it was to inspect cars, but there is evidence to the effect that it was not his duty to report the find-

ing of open doors, but to report only defects in cars.

The court gave the following instruction at the request of plaintiff, which was objected to by defendant: "1. In this case, if you find from a preponderance of the evidence that the car from which the timber fell which struck the plaintiff was received by the defendant, and the doors of said car were open at the time said car was received and at the time plaintiff undertook to remove the same, and that an ordinarily prudent person acting in the place of the railway company would have anticipated an injury to an employee like or similar to the one in this case, and if you further find that said injury was caused by a failure to keep the door closed or to close the same before or at the time the car was removed, then you may find for the plaintiff, if you further find that said plaintiff was acting with the care of an ordinarily prudent person at the time he undertook to have the engine coupled to said car for the purpose of removing it."

The court also gave the following instruction, among others, at the request of the defendant: "2. You are instructed that where a person voluntarily enters the service of a railway company as a switchman, he assumes all the risk and hazards ordinary and incident to such employment, and he is presumed to have contracted with reference to such risks and hazards; and he not only assumes all risks and hazards ordinary and incident to such employment, but all risks and hazards which he could have known by the exercising of ordinary care and diligence; and if you find from the evidence that plaintiff so knew, or by the exercise of ordinary care and diligence could have known of the condition of the car, how it was loaded, and whether the door was open or not, then the plaintiff is presumed to have contracted and assumed the risks and hazards incident to the duties as switchman in connection with said car and load of blocks."

The contention of learned counsel is that the above-quoted instruction given at the instance of the plaintiff is erroneous, because it ignores the question of assumed risk. This instruction was predicated on the theory of negligence on the part of defendant in leaving the car door open so as to expose the switchman to danger. His right of recovery was made to depend entirely upon such negligence on the part of the defendant and the exercise of due care on his own part. He did not assume

the risk of danger created by the negligent act of the employer unless he was aware of the danger and appreciated it. The fact that he could, by the exercise of ordinary care, have discovered and avoided the danger did not constitute an assumption of the risk where it arose by reason of negligence of the master, though he might have been guilty of contributory negligence which would have prevented a recovery. *Choctaw, O. & G. Rd. Co.* v. *Jones*, 77 Ark. 367. In this respect the instruction given at the instance of the defendant was too favorable to it, for the jury were therein told, in effect, that, notwithstanding the negligence of the defendant, if the plaintiff "knew, or by the exercise of ordinary care and diligence could have known, of the condition of the car, how it was loaded and whether the door was open or not," then he is deemed to have assumed the risk of the danger. This is not correct, as already stated.

Now, there is no testimony tending to establish the fact that the plaintiff knew that the door was open when he attempted to run past the car to uncouple it. He testified that he did not know it, and that is the only testimony on the subject. There is evidence sufficient to have warranted the jury in finding that he could have ascertained, by the exercise of ordinary care, that the car door was open, and that it was dangerous to pass along close to it. This would have been contributory negligence, but it could not have constituted an assumption of a risk which arose by reason of the master's negligence, except in the sense that a person assumes the risk of his own negligence. *Mammoth Vein Coal Co.* v. *Bubliss*, 83 Ark. 567; *St. Louis, I. M. & S. Ry. Co.* v. *Mangan*, 86 Ark. 507; *Narramore* v. *Cleveland, etc., Ry. Co.*, 96 Fed. 298.

Other instructions requested by the defendant and refused were fully covered by those given, and no prejudicial error is found.

Judgment affirmed.