The ruling of the court sustaining the demurrer was correct.

Affirm.

St. Louis & San Francisco Railroad Company *v.* Carr.

Opinion delivered March 7, 1910.

1.  Railroads—duty as to crossings.—It is the duty of a railroad company to exercise ordinary care in the operation of its trains so as to avoid injuring pedestrians at highway crossings. (Page 250.)

2.  Same—presumption as to negligence.—Where a pedestrian upon a highway is injured by a door projecting from a car during the running of a train, a *prima facie* case of negligence on part of the railroad company is made out. (Page 251.)

3.  Same—degree of care in operation of trains.—A railroad company is bound to use ordinary care to avoid injuring persons who may lawfully be near its tracks; and whether or not under the circumstances of a particular case a railroad company was negligent in permitting an object to project or fall from its train and cause an injury to a person is a question of fact for the jury. (Page 251.)

4.  Same—duty to make inspections.—A railroad company should exercise ordinary care in inspecting its cars, trains and appliances in order to discover defects and repair same, not only at stations, or stopping places along its line, but at all reasonable times along its route. (Page 251.)

5.  Same—contributory negligence.—Although a railroad company owes to a pedestrian at a highway crossing the duty to exercise ordinary care to avoid injuring him, he cannot recover for injuries caused by its negligence if he was guilty of negligence which contributed to such injury. (Page 252.)

6.  Negligence—culpable negligence defined.—Culpable negligence is the omission to do something which a reasonably prudent man would

do or the doing something which such a man would not do under all the circumstances surrounding each particular case. (Page 252.)

7.  SAME—CONTRIBUTORY NEGLIGENCE.—Whenever the danger due to another's negligence is such that an ordinarily prudent person would apprehend its existence, it is one's duty to exercise ordinary care to avoid such danger. (Page 252.)

8.  RAILROADS—DUTY OF TRAVELLER AT CROSSING.—A pedestrian at a public crossing should exercise ordinary care to avoid danger from passing trains. (Page 252.)

9.  NEGLIGENCE—WHEN CONTRIBUTORY NEGLIGENCE QUESTION FOR JURY.— What will constitute contributory negligence in a particular case depends on the circumstances; and if reasonable men might differ as to whether the person injured exercised ordinary care, the question must be left to the jury. (Page 253.)

10.  RAILROADS—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—Where plaintiff, while standing near a railway track at a crossing, was injured by a projecting door on a passing train, it was error to instruct the jury that a traveler at a public crossing is not required to anticipate negligence on the part of the railroad company, but might presume that the company would not be negligent; whether plaintiff was negligent under the circumstances being a question for the jury. (Page 253.)

Appeal from Crawford Circuit Court; *Jephtha H. Evans,* Judge; reversed.

STATEMENT BY THE COURT.

This was an action to recover damages for a personal injury which the plaintiff alleged he sustained at a public crossing over defendant's railroad track in the city of Fort Smith, Ark. The plaintiff testified that about ten o'clock on the night of January 22, 1909, he was traveling on foot along a public wagon road or street which ran across the defendant's railroad track in said city; that when he got to within about thirty feet of the track he noticed a freight train going north along the crossing and towards the depot, which was about one mile from the crossing. He proceeded up nearer the crossing, and there stopped somewhat close to the track and waited a few minutes for the freight train to clear the crossing so that he could pass over. There was a number of box cars in the train, and several of these passed by him as he stood waiting for the train to clear the crossing. He was on the west side of the track, and was looking towards the north, the direction in which the train was moving, when he heard a noise, and turning saw a door or other object projecting

from the train; the door or projecting object struck him on the head before he could dodge it and knocked him down, rendering him unconscious and causing him to fall so that his legs were caught under the moving train. He was cut severely on the left side of his head, and his legs were injured to such an extent that they had to be amputated, one above and the other below the knee. Some time after the freight train had passed, a passenger train arrived over this track from the south; and the employees hearing his cries went to his assistance and took him on the train. All the employees of the crew on the freight train testified that they did not see the plaintiff, and did not know that he was injured until long after the occurrence, when they were told of it. They also testified that the freight train had left Paris, Texas, a distance of about 160 miles from Fort Smith, and that they had inspected the cars at every stopping place from that point, the last of which was fourteen miles from Fort Smith. They stated that there was no car in the train, from the last station, which had a swinging door, but that all the doors of the cars were upon slides; that when the cars were last inspected at the above station the doors were found in good condition, and that neither the doors nor any other object was projecting from any of the cars. No person other than the plaintiff testified to seeing the injury when it occurred.

At the request of the plaintiff the court instructed the jury, in substance, that if the plaintiff was at a crossing of a highway over defendant's track at Fort Smith in the night time, intending to cross the track on the highway, and a train of defendant, going north, prevented him from doing so, and while waiting for the crossing to be cleared he was struck by a car door negligently left open and thereby injured, the plaintiff should recover, if at the time he was exercising ordinary and reasonable care for his own safety; and instructed, in effect, that, if the injury did not occur at the public crossing, the jury should find for defendant. The court at the request of plaintiff, amongst other instructions, gave the following:

"7. If plaintiff was wanting in ordinary and reasonable care for his own safety, and was thereby injured, he cannot recover. Or, if the defendant was in the exercise of ordinary and reasonable care as herein defined, then plaintiff cannot recover.

"Plaintiff was not, however, in order to exercise ordinary care for himself, required to anticipate negligence on the part of defendant, if such negligence existed, but might presume that defendant would not be negligent."

At the time of the giving of this instruction the defendant made a specific objection to the latter portion thereof.

The defendant requested the court, amongst other instructions, to give the following, which were refused:

"2. I charge you that a railroad company owes no duty to one walking on its track or near its track, other than not to wantonly injure him after discovery. If you find from the evidence that the employees in charge of the freight train [which] passed going north about 10:40 P. M., on January 22, 1909, did not see the plaintiff, you will find the issues for the defendant."

"10. If you find that the cars were inspected at Jenson, fourteen miles from the injury, which was the last stop of the train before the injury, and found to be in perfect condition, and you further find that it was out of condition at the time of the injury, and you further find that none of the trainmen had any knowledge of any such defect, or of any break after such inspection and before the injury, then the defendant would not be guilty of any negligence."

A verdict was returned in favor of the plaintiff, and the defendant prosecutes this appeal.

*W. F. Evans* and *B. R. Davidson,* for appellant.

1. No negligence is shown on the part of appellant to warrant the submission of the case to the jury. 81 Ark. 368; 15 Am. Neg. Rep. 329; 153 Fed. 845; 111 Fed 586. A railroad company does not owe to a pedestrian the duty to have its car doors so secured as that they can not possibly fly open. Hence in this case no negligence is shown as to the proximate cause of the injury which would warrant its submission to the jury, 17 Am. Neg. Rep. 206. Under no circumstances did appellant owe to appellee more than the duty of ordinary inspection. 85 Ark. 460. By appellee's own testimony he was guilty of contributory negligence. 56 Atl. 613; 80 Ark. 186; 82 Ark. 522; 69 Ark. 135; 61 Ark. 549.

2. The seventh instruction is clearly erroneous. One going upon a railroad track or in close proximity to it has no right to

presume that the defendant would not be negligent, but, on the contrary, it was incumbent upon him to look out for his own safety. 131 Fed. 837; 95 U. S. 697; 114 U..S. 615; 62 Ark. 245; 56 Ark. 271; 9 Rose's Notes, 328.

3. The second instruction requested by appellant should have been given. If appellee was a trespasser, appellant owed him no duty except to avoid wantonly injuring him after discovering his peril. 90 Ark. 398; 88 Ark. 172; 83 Ark. 300; 82 Ark. 522; 80 Ark. 186; 77 Ark. 401.

*Rowe & Rowe* and *C. A. Starbird,* for appellee.

1. Proof of the injury and that it was caused by the running of appellant's trains was proof of negligence on the part of appellant. Art. 17, § 12, Const.; Kirby's Dig., § 6773; 87 Ark. 581; *Id.* 308; 83 Ark. 217; 82 Ark. 441; 81 Ark. 275; 65 Ark. 235. The question of contributory negligence on the part of appellee was, under the circumstances of this case, a question for the jury. 52 Ark. 368; 63 Ark. 636; 70 Ark. 481; 74 Ark. 610.

2. The seventh instruction given was correct. 37 Ark. 563.

Frauenthal, J., (after stating the facts). It is urged by counsel that the defendant had the right to use its track at the crossing, and that it only owed the duty to plaintiff not to injure him after having discovered his position of peril. But the rule relative to the liability of a railroad company for an injury done after a discovered peril is not applicable to the facts of this case, as adduced on the part of the plaintiff. For, according to the evidence of the plaintiff, he was a traveller in a public highway at the crossing of the defendant's track, and in such case he was not a trespasser or licensee on defendant's right-of-way, but he had the right to use the highway crossing. It is true that the railway company had also the right to the use of its track over the highway crossing. Where the railroad is situated upon a highway, the public has the right to use the highway as well as the railroad, and each must make reasonable and proper efforts, with due regard to the rights of the other and in view of all the circumstances, to foresee and avoid collision. And in such a case it is the duty of the railroad company to exercise ordinary care and prudence in the operation of its trains and otherwise to prevent injuring a traveller. The traveller

should observe all the requirements of ordinary care; to him the track itself is a warning of danger, and he is under the duty to exercise precaution to inform himself of the proximity of the train and to exercise ordinary prudence in avoiding injury.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Neely*, 63 Ark. 636, the railway company was operating its freight train along a street in the town of Warren, and while the train was passing Neeley in the street a car door fell from its place in the car and injured him.   In that case it was held that "the railroad company owed him the duty to employ reasonable care to avoid injuring him."   In *St. Louis S. W. Ry. Co.* v. *Underwood*, 74 Ark. 610, a pedestrian along a street was injured by a railroad, and in that case the court said:   "This doctrine rules the case at bar, rather than the principle invoked by appellant that the railway company owed appellee no duty except to use ordinary care not to injure him after having discovered his place of peril." 3 Elliott on Railroads, § 1153; 33 Cyc. 1145.

And when at a public crossing a traveller in the highway is injured by a door or other object projecting from the car during the running and operation of the train, a *prima facie* case of negligence on the part of the railroad company is made out under section 6773 of Kirby's Digest.   *St. Louis, I. M. & S. Ry. Co.* v. *Neely*, 63 Ark. 636; *Barringer* v. *St. Louis, I. M. & S. Ry. Co.*, 73 Ark. 548; *St. Louis, I. M. & S. Ry. Co.* v. *Briggs*, 87 Ark. 581.

A railroad company is bound to use ordinary care and caution to avoid injuring persons who may be near its tracks, and who are rightfully at such place; and whether or not under all the circumstances of the case the railroad company was negligent in permitting any object or article which caused the injury to project or fall from its train of cars is a question of fact for the jury to determine. *Kansas Pac. Ry. Co.* v. *Ward*, 4 Col. 30; Shearman & Redfield on Negligence (3 ed.), 477; 33 Cyc. 900.

The railroad company should exercise ordinary care and diligence in inspecting its cars, trains and appliances in order to discover such defects and to remedy and repair same.   And it should not only use such care at its stations or stopping points along its line, but such care should be exercised at all reasonable times along its route to discover such defects.

But, although the railroad company may have been guilty in this case of negligence which caused the injury, still this did not absolve the plaintiff from the duty to exercise due and ordinary care to avoid the injury. For, if he was guilty of any negligence which contributed to the injury sustained by him, he cannot recover. This contributory negligence of the plaintiff would consist in some act or omission on his part amounting to a want of ordinary care. In *Hot Springs St. Rd. Co.* v. *Hildreth,* 72 Ark. 573, it is held that ordinary care is such as a man of reasonable prudence and caution would exercise under the circumstances; and "culpable negligence" is defined to be the "omission to do something which a reasonable, prudent and honest man would do, or the doing something which such a man would not do under all the circumstances surrounding each particular case." *Hot Springs Rd. Co.* v. *Newman,* 36 Ark. 607.

Where a danger is probable or obvious, it is the duty of a person to exercise ordinary care to avoid the injury, even though the other party was negligent. And this duty to avoid the consequences of another's negligence arises whenever the circumstances are such that an ordinarily prudent person would apprehend their existence. The law requires the exercise of ordinary care to observe danger and avoid it.

As is said in the case of *Southwestern Tel. & Tel. Co.* v. *Beatty,* 63 Ark. 65: "The fact that a street is a highway, and the appellee had the right to be in it, did not relieve him of the duty to exercise care to avoid the danger. If he was guilty of conduct which a reasonable and prudent man would not have adopted under the circumstances, and this conduct contributed directly to his injury, he was not entitled to recover." While a traveller at a public crossing over a railroad track may to a limited extent rely upon the railroad company to observe the requirements of ordinary care, nevertheless it is his duty, in approaching the crossing or in going on it, to exercise ordinary care, not only to learn of the approach of trains, but also to keep out of the way of probable danger, that is, he must use such care and prudence as would be exercised by a man of ordinary care and prudence under like circumstances. He cannot, by relying on the railroad company to exercise ordinary care, blindly run into a train or place himself negligently in

such close proximity to the train as to be injured. What will constitute contributory negligence on the part of the person injured must depend upon the circumstances of each case. If from those circumstances reasonable men might differ as to whether the person did or did not exercise ordinary care, the question must be left to the jury for its determination. The jury must then decide for themselves whether the person did any act which he should not have done or omitted to do an act which in the exercise of ordinary care he should have done under the circumstances of the case. The exercise of ordinary care might in the estimation of the jury require the person to look for any danger, even should it proceed from some negligent act of the defendant. The jury should be permitted to be the exclusive judges of what would be the exercise of ordinary care on the part of the plaintiff under all the circumstances of the case.

But by the above instruction number 7 given on the part of the plaintiff the court told the jury that, in order to exercise ordinary care, the plaintiff was not required to anticipate negligence on the part of the defendant; in effect, it said that the plaintiff, in regulating his conduct and acts under the circumstances of the case, might rely on the assumption that the defendant would not be negligent; and therefore need not use that care which the jury might have thought that an ordinarily prudent and careful person should have used under the circumstances of the case.

By this instruction the jury might have thought that the plaintiff was not required to exercise that care and prudence which the jury would have considered ought to have been exercised by a man of ordinary care under the circumstances of this case. For, if the plaintiff had an absolute right to conform his acts to any course of conduct because he did not anticipate negligence on the part of defendant, then the jury may have thought, from this instruction, that the plaintiff was excused from some act of negligence on his part because he had the right to assume that defendant would not be negligent. But the law is to the contrary; and, although the defendant was negligent, still the plaintiff himself must not have been guilty of any act of negligence which contributed to the injury, before he can recover. It was, under the evidence, a close question of fact

as to whether or not the plaintiff was guilty of negligence in going as close to the moving train as he did; and the determination of that question of fact should have been left to the jury without any qualification as to the care which the plaintiff should have exercised for his safety. By this instruction we think the court invaded the province of the jury, and therefore committed error, and that the error was prejudicial.

We have examined the other instructions that were given and refused in the case, and we do not find any prejudicial error in the rulings of the court thereon. There are other complaints made by appellant, but, if any of them amount to error, we do not think they will occur on a second trial. Under proper instructions we are of opinion that there was sufficient evidence to sustain the verdict of the jury.

For the error in giving the instruction number 7 on behalf of plaintiff the judgment is reversed, and the cause remanded for a new trial.