MOSLEY *v.* MOHAWK LUMBER COMPANY.

Opinion delivered February 7, 1916.

1. CHANGE OF VENUE—DISCRETION OF TRIAL COURT—REVIEW.—The law leaves the matter of granting a change of venue in civil actions to the discretion of the trial judge, and permits the opposite party to controvert and resist the petition therefor, and the court's decision denying such petition will not be reviewed unless it appears to have been arbitrarily made.

2. MASTER AND SERVANT—INJURY TO SERVANT—ASSUMED RISK—DISCOVERY OF DEFECT.—A servant does not assume the risks of the master's negligence, but assumes only the ordinary risks incident to his employment; the fact that a servant could, by the exercise of ordinary care, have discovered the defect which caused the injury, and avoided the danger, does not constitute an assumption of the risk where it arose by reason of the negligence of the master, even though such servant may have been guilty of contributory negligence which would bar his recovery.

3. MASTER AND SERVANT—ASSUMED RISK—ERRONEOUS INSTRUCTION—PREJUDICIAL ERROR.—In an action for damages resulting from an

accident which caused deceased's death, while deceased was acting as engineer on a logging road, an instruction that deceased assumed the risk of his employment unless he did not know, or by the exercise of ordinary care, could not have known of the defective condition of the track of defendant, which caused the injury, is prejudicial, and when given, constitutes reversible error.

4. EVIDENCE—OBJECTION TO COMPETENCY.—Any objection to particular evidence on the ground that it is incompetent, does not go to the competency of the witness, a specific objection being generally necessary to raise such questions of competency.

5. EVIDENCE—PARTY TO SUIT—RIGHT TO TESTIFY—STATUTORY INHIBITION —MANAGER OF CORPORATION.—In an action against a corporation by an administratrix for damages growing out of the death of an employee of the corporation, due to the corporation's negligence, the manager of the corporation is not a party to the suit within the inhibition of Kirby's Digest, § 3093, prohibiting a party to the suit from testifying in an action by or against an administrator.

Appeal from Columbia Circuit Court; *Charles W. Smith,* Judge; reversed.

STATEMENT BY THE COURT.

This is a suit for damages by the administratrix, for the benefit of the estate and next of kin, for personal injuries, resulting in the death of her intestate, alleged to have been caused by the negligence of the lumber company in the maintenance of its track and operation of its logging train, of which deceased was engineer.

There was a motion for a change of venue filed, appellant in her affidavit stating she verily believed that the plaintiff could not obtain a fair and impartial trial in the county in which the suit was pending "on account of the undue influence of the defendant in said county."

The supporting affidavits of two citizens were filed, stating they were in no manner related to the plaintiff and that they verily believed the facts set forth in the petition for a change of venue were true. Like affidavits from 8 other citizens made before J. S. Ragan, a justice of the peace, were also filed and of 12 others made before another justice of the peace, being affidavits of 22 in all, in support of the motion. The defendant filed a response to the motion for a change of venue, denying that it was necessary, in order to obtain a fair and impartial trial,

and the allegation that plaintiff could not obtain a fair and impartial trial on account of any undue influence of the defendant or any of its stockholders, and that any undue prejudice existed against the plaintiff in the county and submitted affidavits of 28 citizens of the county in support of its response. Each of said affidavits states the maker is a citizen, his avocation or business and the portion of the county in which he resides, that he is acquainted with a large per cent of the citizens of the county or township, as the case may be, and with the stockholders of the company, naming them and that neither the defendant nor any of the stockholders have any undue influence with the people of Columbia County, such as to prevent the plaintiff from obtaining a fair and impartial trial at the hands of the jury of said county. That there was no undue prejudice existing against the plaintiff or her cause of action, such as would prevent her from obtaining a fair and impartial trial before a jury in said county."

Four of the affiants were merchants, six of them residents of Magnolia, one of the six being the cashier of the bank, and the others were citizens of the different townships of the county, mostly engaged in farming.

The court denied the motion for a change of venue and plaintiff excepted to his ruling thereon.

C. C. Mosley was the engineer upon the train hauling logs from the woods over its tram or log road to the mill, and on the 23rd day of May, while pulling a train load of five loaded cars of logs, the engine left the track and turned over and imprisoned the engineer and he was scalded to death by the escaping steam and hot water.

It was alleged and the testimony tended to show on the part of the appellant, that the derailment of the train was caused by insufficient fastening of the ends of two rails of the track, together with a defective fish plate not securely bolted and fastened, permitting one of the rails to be pushed out by the flange of the engine causing

a lip in the joint and the flange of the wheel to mount the rail and run off.

The undisputed testimony shows that the defect, if any existed, and there was sharp conflict in the testimony on this point, was one that could not be discovered by ordinary observation in passing, but only by inspection. The testimony on the part of the defendant lumber company tended to show that the injury resulted from the negligence of the deceased in operating the train down grade at an unusual rate of speed and with an extra number of loaded cars, contrary to the instructions of the appellee.

The manager of the defendant corporation, over objection, testified that he had told the deceased upon several occasions that he should only haul three loaded cars of logs each trip to the mill and that three trips a day, which he had ample time to make, would be sufficient to supply the mill with logs. The engineer insisted that he could haul five or six cars of logs a trip and only make two trips a day and later told the manager that he had done so, and invited him to come out and see how it was done. The manager told him that it was not the thing to do, and that if he hauled more than three cars he should cut the load at the top of the first hill, coming down and near the bottom of which the wreck occurred, and carry the other cars on over to the top of the second hill, the one nearest the mill, and leave them there until he could go back and bring the remaining cars over, and not to try to bring more than three loaded cars from the first hill on over the second, as he would have to run too fast to make the second hill.

The evidence tended to show that the engine was coming off the first hill at an unusual rate of speed, gaining momentum with which to climb the second hill, with the five loaded cars, at the time of the wreck. An old engineer, who had formerly operated the engine, was on it at the time, and testified it was going so rapidly that he got scared and got down in the tender as they came down the hill, just before the train was derailed.

The court instructed the jury, giving over appellant's objections instructions numbered 4, as follows:

"No. 4.  If you find from the evidence that defendant's railroad track was in the defective condition alleged, and further find that such defective condition was a direct and proximate cause of derailment, you are instructed that before the plaintiff will be entitled to recover, *she must further show by a preponderance of the proof that said defective condition of defendant's railroad track was not known to the deceased, or could not have been known by him in the exercise of ordinary care for his own safety,* and that said defective condition was known, or ought to have been known, to the defendant in the exercise of ordinary care."

From the verdict and judgment in favor of the defendant, plaintiff prosecutes this appeal.

*H. S. Powell,* for appellant.

1.   The change of venue should have been granted. Kirby's Digest, § 7998; 74 Ark. 172.

2.   There was error in the admission of the evidence of Wingfield. Kirby's Digest, § 3093; Schedule to Const., § 2; 60 S. W. 648; 27 N. E. 215; 61 Neb. 709.

3.   The court erred in giving instruction No. 4 for defendant.   77 Ark. 374, 458; 89 *Id.* 424; 83 *Id.* 567; 86 *Id.* 507; 92 *Id.* 102; 95 *Id.* 291; 86 *Id.* 516; 87 *Id.* 396; 101 *Id.* 197; 107 *Id.* 512.

*T. D. Wynne* and *C. W. McKay,* for appellee.

1.   It was not error to refuse to grant the petition for change of venue.   74 Ark. 172.

2.   There was no error in admitting the testimony of Wingfield, the general manager of the corporation. Kirby's Dig., § 3093.  He was not a party to the suit. 113 Ark. 299; 40 Cyc. 2238, 2395; 86 Ark. 138; 24 *Id.* 620; 58 *Id.* 353-373; 56 *Id.* 465; 69 *Id.* 313; 60 *Id.* 88; 58 *Id.* 373; 29 *Id.* 17; 18 *Id.* 392; 92 *Id.* 107; 53 *Id.* 117; 142 Ill. App. 392; 83 *Id.* 210; 46 *Id.* 378.   The conversation did not relate to a transaction with deceased.   78 Ark. 209; 40 Cyc. 2290; 63 Ark. 556.

3. There was no error in giving instruction No. 4 for defendant. But if error, it was not prejudicial.

KIRBY, J., (after stating the facts). It is contended that the court erred in denying the motion for a change of venue, in giving said instruction No. 4, and in admitting the testimony of the manager of the defendant corporation, relative to his instructions to the deceased in a suit by his administratrix.

(1) The law leaves the matter of granting a change of venue in civil actions to the discretion of the trial judge, and permits the opposite party to controvert and resist the petition therefor, and the court's decision denying such petition will not be reviewed unless it appears to have been arbitrarily made. Act 249, Acts of 1909; *St. Louis, I. M. & S. Ry. Co.* v. *Reilly,* 110 Ark. 182.

From the controverting affidavits, in support of the response to the motion for a change of venue made by twenty-eight citizens residing in different portions of the county, the court could have found that there was no such undue influence of the defendant, or its stockholders in the county as would prevent plaintiff from obtaining a fair and impartial trial of the cause, and did not err in denying said motion.

(2) The assignment that the court erred in giving instruction No. 4, is well founded, and must be sustained. Appellant specifically objected to the portion of said instruction in italics, requiring the plaintiff to show by a preponderance of the testimony that the defective condition of the track was not known to the deceased or could not have been known by him in the exercise of ordinary care for his own safety in order to a recovery. The objection should have been sustained and that portion of the instruction stricken out.

The servant does not assume the risk of the master's negligence, but only the ordinary risks incident to his employment and the instruction was erroneous in telling the jury that she could not recover unless she showed by a preponderance of the testimony that the defective condition of the track was not known to the deceased or could

not have been ascertained by him in the exercise of ordinary care for his own safety. The fact that the servant could by the exercise of ordinary care have discovered the defect and avoided the danger does not constitute an assumption of the risk where it arose by reason of the negligence of the master, even though such servant may have been guilty of contributory negligence, which would bar his recovery. *C., O. & G. R. Co.* v. *Jones,* 77 Ark. 374; *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458; *St. Louis, I. M. & S. Ry. Co.* v. *Birch,* 89 Ark. 424; *St. Louis, I. M. & S. Ry. Co.* v. *Corman,* 92 Ark. 102; *Clark Lumber Co.* v. *Northcutt,* 95 Ark. 291; *C., R. I. & P. Ry. Co.* v. *Smith,* 107 Ark. 512.

Counsel for appellee insists that notwithstanding this erroneous instruction, no prejudice could have resulted from its being given, claiming that the testimony is undisputed, that deceased had no knowledge of the alleged defective condition of the track, nor could have had by the exercise of ordinary care for his own safety.

(3) Although it is true that the testimony shows that the defect in the track, if any existed, and the testimony is contradictory on that point, was one that could not have been discovered except by inspection; that it would probably not have been discovered by deceased in passing over it in the engine, and that his duties did not require him to make an inspection for its discovery; the jury might still have been misled by the instruction requiring appellant to show, after they found the defective condition of the track was the proximate cause of the injury, by a preponderance of the testimony, the defective condition was not known to the deceased, or could not have been known to him in the exercise of ordinary care for his own safety.

It is likewise insisted that the uncontradicted testimony shows that deceased was guilty of contributory negligence, resulting in his death, which barred the right of recovery therefor, and while the evidence does tend strongly to show that he was operating the train at an unusual rate of speed at the time of the derailment, in

violation of instructions, attempting to pull five loaded cars over the track from one hill to the next, instead of three, and that the defective track, or lip in joint, where the trucks began to leave the track, would not probably have caused the wreck, but for the unusual speed of the over-loaded train, we can not say that the uncontradicted testimony shows such fact.

The next contention is that the court erred in admitting the testimony of the manager of appellee corporation, relative to the directions given by him to the deceased about the operation of the train, and the hauling of loaded cars, this being a suit by his administratrix.

It is doubtful if a sufficiently specific objection to this testimony was made, and whether the objection would reach to the incompetency of the witness, but it will be treated as effectual under the circumstances.

(4) Any objection to particular evidence, on the ground that it is incompetent, does not go to the competency of the witness, as a rule, but a specific objection is generally necessary to raise such questions of competency. *Hammel* v. *St. Louis, I. M. & S. Ry. Co.,* 113 Ark. 299; *Mahoney* v. *Roberts,* 86 Ark. 138; *Fakes* v. *State,* 112 Ark. 592; 40 Cyc. 2233, *et seq.*

(5) The statute provides that in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transactions with, or statement of the testator, intestate or ward, unless called to testify thereto by the opposite party. Kirby's Digest, § 3093.

This statute was only intended to prevent a party to the suit from testifying, under the conditions named, and the manager of the corporation was not a party to the suit, within the meaning of the statute, which does not provide that persons interested in the result of the litigation shall be excluded from testifying.

The corporation, the Mohawk Lumber Company, was the defendant in the suit, and the party thereto, and not

Wingfield, its general manager. 40 Cyc. 2290; *Stanley v. Wilkerson,* 63 Ark. 556.

For the error in giving said instruction, numbered 4, the judgment is reversed and the cause remanded for a new trial.