WALTHER *v.* COOLEY.

5-617                                                    279 S. W. 2d 288

Opinion delivered April 18, 1955.

[Rehearing denied May 16, 1955.]

*Donald Poe,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

J. SEABORN HOLT, J.   This is a personal injury suit. In his complaint, appellant alleged, in effect that on January 5, 1954, while he was in the employ of appellee and assisting him in building a garage and tool shed, through appellee's negligence, a scaffold gave way causing appellant to fall to the ground resulting in substantial injuries. He sought $5,150 in damages. Appellee

answered with a general denial and affirmatively pleaded as a complete defense assumption of risk and contributory negligence on the part of appellant. A jury trial resulted in a verdict for appellee (defendant) and this appeal followed.

For reversal, appellant contends that the verdict was contrary to the evidence, that the trial court erred in giving, over his general objections, Instructions No. 35, 36 and 37, and in refusing to give his requested Instructions No. 1 and 2.

Appellee, with the help of appellant and a nineteen-year-old boy was building a garage 34 ft. long and 24 ft. wide with 8 ft. walls, and in the construction a scaffold was erected, all three taking part in its construction. It was built out of new lumber. After the walls were completed, a board was placed on top of each and 2 x 6 rafters were fastened thereto.

At the time of the mishap, appellee was working on the north side, appellant on the south side, and the boy in the center standing on a plank raising the rafters and holding them in place while they were nailed down by appellee on one side and appellant on the other. Both appellee and appellant were using the scaffold, and the plate, to stand on while laying the rafters.

There was evidence that appellant, in stepping down from the wall plate, stepped on a 1 x 4 diagonal brace attached to the scaffold which broke and caused his fall. The scaffold did not fall according to appellee's witnesses.

As to the condition of the brace, appellee testified: "Q. Did you examine that board that broke? A. Yes, I picked it up and looked at it. Q. What was wrong, if anything, with it? A. It might have been a dry rot inside, doughty, I don't know whether that is the right name for it or not. Q. Had you ever noticed that before. A. No, sir, I hadn't," and appellant testified: "Q. It was worm eaten on the inside, wasn't it? A. Yes, sir, it was doughty or something like that. Q. What I am getting

at, Mr. Walther, you couldn't tell by looking at the board before it broke that it was doughty. A. Yes, after I looked at it, I could tell when I got up and when they probed its interior, I could tell. Q. But you never had noticed it before that? A. No, sir.''

When the evidence is considered in the light most favorable to appellee, as we must, without detailing it, we think it substantial and sufficient to support the jury's verdict, and we would affirm but for the errors in giving appellee's requested Instructions No. 35 and 37, which we now consider.

No. 35 provides: ''You are instructed that a servant in accepting and continuing in the employment of his master assumes all the ordinary and usual hazards incident thereto and also the risks which he knows to exist *or should by the exercise of reasonable care know to exist.* Therefore, if you find from the evidence in this case that this accident was solely brought about, occasioned and produced by an ordinary and usual hazard incident to plaintiff's employment, or by a risk which he knew to exist, *or by a risk which by the exercise of reasonable care he could have known of the existence of such risk,* then the plaintiff cannot recover, and your verdict must be for the defendant,'' and No. 37 provides: ''You are instructed that if there was a defect either in the materials or in the manner in which said scaffold was constructed, which said defect was known to the plaintiff, *or would have been in the exercise of ordinary care been known by him,* then the duty was upon the plaintiff to bring such defect to the attention of the employer and if he failed to do so, the said failure on his part, if any, amounts to negligence, if any, which contributed in any degree however slight to his alleged injuries and damages, then the plaintiff cannot recover, and your verdict must be for the defendant.''

The general rule as to the relative duties of the master (appellee), and servant in circumstances such as here, was stated by this court in *Fraser* v. *Norman,* 184 Ark. 434, 42 S. W. 2d 569, in this language: ''If  .  .  .

the employer furnishes the scaffold, or, if it is constructed either by himself or under his direction, he must exercise ordinary care to furnish the employees with a safe place to work, and it is wholly immaterial whether the master undertakes to perform this duty himself or delegates it to another. . . .

"A servant, in accepting and continuing in the employment, assumes all the ordinary and usual hazards incident thereto, and also all the risks which he knows to exist."

The vice in Instruction No. 35, above, appears from embodying therein the following words: "or should by the exercise of reasonable care know to exist. . . . Or by a risk which by the exercise of reasonable care he could have known of the existence of such risk," and in No. 37 "or would have been in the exercise of ordinary care been known by him."

We hold that appellant was required by these instructions to assume a greater burden than the law required. Appellant made only a general objection. We hold that both were inherently wrong and therefore a general objection was sufficient and no specific objection was required.

In *Chicago, R. I. & P. Ry. Co.* v. *Smith*, 107 Ark. 512, 156 S. W. 166, where the use of a defective hammer was involved and defendant contended that the trial court erred in refusing to include in an instruction the above words or similar, in effect, we held that no error was committed, and in effect that their use would have been improper. We there said: "It will be observed that in instruction No. 2, given at the request of the plaintiff, the court told the jury that the plaintiff 'did not assume the risk of any danger from the use of said hammer which arose from the negligence of the defendant unless he was aware of the negligence of the defendant in providing the hammer and appreciated the dangers arising therefrom.' Counsel for the defendant say that they insisted that this instruction should be modified so as to state 'or by the exercise of ordinary care on his part could have known,'

etc., and 'by the exercise of ordinary care would have appreciated the dangers arising therefrom.' The court did not err in refusing to modify the instruction as requested by counsel for the defendant; for the practical effect of the modification would have been to tell the jury that the plaintiff should have examined the hammer for defects in it before he handed it to Blackman, the car repairer, for use; and this he was not required to do.

"Again, in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Birch,* 89 Ark. 424, 117 S. W. 243, 28 L. R. A., N. S., 1250, the court said:

" 'The contention of learned counsel is that the above-quoted instruction given at the instance of the plaintiff is erroneous, because it ignores the question of assumed risk. This instruction was predicated on the theory of negligence on the part of defendant in leaving the car door open so as to expose the switchman to danger. His right of recovery was made to depend entirely upon such negligence on the part of the defendant and the exercise of due care on his own part. He did not assume the risk of danger created by the negligent act of the employer unless he was aware of the danger and appreciated it. The fact that he could, by the exercise of ordinary care, have discovered and avoided the danger did not constitute an assumption of the risk where it arose by reason of negligence of the master, though he might have been guilty of contributory negligence which would have prevented a recovery. *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367, 92 S. W. 244. In this respect the instruction given at the instance of the defendant was too favorable to it, for the jury were therein told, in effect, that, notwithstanding the negligence of the defendant, if the plaintiff knew, or by the exercise of ordinary care and diligence could have known, of the condition of the car, how it was loaded and whether the door was open or not,' then he is deemed to have assumed the risk of the danger. This is not correct, as already stated.''

In *Arkansas Land & Lumber Co.* v. *Fitzhugh,* 143 Ark. 122, 219 S. W. 1022, in considering the correctness

of the following instruction: "No. 3. In this case, if the injury was the result of any risk or hazard ordinary or usually incident to the plaintiff's employment, he assumed that risk and cannot recover, but he does not assume any risk created at the time of the injury by the negligence of the defendant, its agents or servants, of which he did not know, and if his injury was the result of said negligence of the agent or servant of the defendant, then he did not assume such risk. . . .

"Instruction No. 3 is correct in so far as it declares that the servant did not assume the risk of the negligence of the master unless he was aware of it and appreciated the danger, for it would not be correct to say that the servant assumed the risk of dangers which he could have discovered by the exercise of ordinary care. *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458; *Choctaw, Oklahoma & Gulf Rd. Co.* v. *Jones,* 77 Ark. 367; *St. L., I. M. & S. Ry. Co.* v. *Birch,* 89 Ark. 424; *A. L. Clark Lumber Co.* v. *Northcutt,* 95 Ark. 291; *C. R. I. & P. Ry. Co.* v. *Smith,* 107 Ark. 512; *Mosley* v. *Mohawk Lumber Co.,* 122 Ark. 227.

"Now, the fact that a servant continues in his work where the danger is patent marks the approximation of contributory negligence and assumed risk as stated in many of the decisions. (Citing cases).

"While the defenses of contributory negligence and assumption of risk proceed from different theories, they approximate so nearly under the circumstances just mentioned that the same state of facts will sustain both. . . . Therefore, a finding of the jury on either one of those defenses is conclusive as to the other. *A. L. Clark Lumber Co.* v. *Johns,* 98 Ark. 211. In that case we said: . . . 'Where the servant is aware of the defect, and the danger is so imminent and obvious that a person of ordinary prudence would not continue in the work, he not only assumes the risk, but is guilty of contributory negligence. This is where the doctrine of contributory negligence and of assumed risk approximate so that they are indistinguishable.' "

But says appellee, when all the instructions were read and considered as a whole, as we must, then Instructions 35 and 37 were not misleading or erroneous. We do not agree.

"The rule that all the instructions must be read together, and that an omission in one instruction may be cured by another, does not extend to instructions inherently erroneous and misleading." *Fletcher* v. *Eagle*, 74 Ark. 585, 86 S. W. 810, (Headnote 2). *Bayles* v. *Daugherty*, 77 Ark. 201, 91 S. W. 304.

We have examined appellant's assignments of other alleged errors relating to other instructions and find them to be without merit.

Accordingly, the judgment is reversed and remanded for a new trial.

Justices WARD and ROBINSON concur.

ROBINSON, J. I concur for the reason that I do not believe Instruction No. 37 was error.

Two separate defenses are affirmatively pleaded: assumed risk and contributory negligence. I agree that the giving of Instruction No. 35 was error. We have heretofore held that an employee does not assume the risk of his employment merely because he fails to exercise ordinary care to discover a hazardous condition. *Mosley* v. *Mohawk Lumber Company*, 122 Ark. 227, 183 S. W. 187. This does not mean, however, that the employee may not be guilty of contributory negligence because of his failure to exercise ordinary care to discover a defect by which he is injured.

Instruction No. 35 given by the court deals with the principle of assumed risk, and Instruction No. 37 involves the proposition of contributory negligence. In my opinion, Instruction No. 37 is a correct statement of the law. It simply tells the jury that if the plaintiff failed to exercise ordinary care to discover a defective condition of the scaffold, and if the failure to use such care contributed to his injury, then he would be guilty

of contributory negligence. Ordinary care is that degree of care which an ordinarily prudent person would exercise in the same or similar circumstances.

In 38 Am. Jur. 865 the rule is stated as follows: "Every person is bound to the exercise of vigilance with a view to the discovery of perils by which he may be menaced and their avoidance after they have been ascertained. Every person is bound to use due diligence to save his person from injury by the negligent act of another."

In 65 C. J. S. 722 it is stated: "The duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger. A person is required to make reasonable use of his faculties of sight, hearing, and intelligence to discover dangers and conditions of danger to which he is or might become exposed, and one injured as a result of his failure to use his faculties to observe and discover a danger which would have been observed and discovered by an ordinarily prudent person is guilty of contributory negligence."

In *St. Louis & S. F. Rd. Co.* v. *Carr*, 94 Ark. 246, 126 S. W. 850, it is said: "Where a danger is probable or obvious, it is the duty of a person to exercise ordinary care to avoid the injury, even though the other party was negligent. And this duty to avoid the consequences of another's negligence arises whenever the circumstances are such that an ordinarily prudent person would apprehend their existence. The law requires exercise of ordinary care to observe danger and avoid it."