COOLEY *v.* WALTHER.

5-974                                    291 S. W. 2d 515

Opinion delivered June 25, 1956.

*Hardin, Barton, Hardin & Garner,* for appellant.

*Robert R. Brooksher* and *Donald Poe,* for appellee.

LEE SEAMSTER, Chief Justice. This is the second time this case has been here on appeal. The facts were set out in the former appeal — *Walther* v. *Cooley,* 224 Ark. 1027, 279 S. W. 2d 288. In the former case this court held that the evidence was sufficient to make it a question of fact for the jury to determine. Under the rule many times announced by this court, the decision on the former appeal becomes the law of the case on this appeal — unless we can say that the testimony on the second appeal is substantially different from that on the first appeal. *Hallum* v. *Blackford,* 202 Ark. 544, 151 S. W. 2d 82. The testimony on this appeal is substantially the same as in the former appeal, with slight variations.

Upon trial of the issues in the Scott Circuit Court, appellee was awarded a judgment in the sum of $1,000, for personal injuries. For reversal, appellant contends (1) that the evidence is not sufficient to support the

verdict and judgment rendered, and (2) the verdict and judgment in the amount of $1,000 are excessive.

The appellant employed the appellee to assist in constructing a garage on appellant's property. The appellee was being paid at a rate of sixty cents per hour for his services. On January 5, 1954, the appellee was injured, at a time when the parties herein, and another hired hand, were placing rafters on the partially constructed building.

At the time of the mishap, the appellee was working on the south side of the building, using a scaffold and plate to stand on while nailing the rafters to the plate. When he stepped down from the plate to the scaffold, one of the braces on the scaffold broke and the appellee fell to the ground, landing on his head and shoulders. He sustained a broken rib, injuries to his right eye and fractures to bones of his right hand. At the time of the original trial, the appellee's right hand still suffered a partial permanent disability, to the extent that he was unable to grasp tools with which to pursue his occupation.

The record reveals that the appellant furnished the tools and material and supervised the construction of the building. The appellant personally built the south scaffold after selecting and furnishing the material. An inspection of the scaffold, after the accident, revealed that the timber used in its construction was defective and caused the break.

This court has many times held that it is a master's duty to exercise ordinary care to furnish his servant a reasonably safe place to work. *Arkadelphia Sand and Gravel Company* v. *Knight,* 190 Ark. 386, 79 S. W. 2d 71.

We hold that the evidence was substantial to sustain the verdict. We are also of the opinion that the amount of the verdict was very moderate, considering the injuries sustained by the appellee.

Judgment affirmed.